# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| GREGG RILEY, | * |
| | *   No. 16-262V |
| Petitioner, | *   Special Master Christian J. Moran |
| | * |
| v. | *   Filed: February 6, 2020 |
| | * |
| SECRETARY OF HEALTH | *   Attorneys' Fees and Costs |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * *

Amber D. Wilson, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner;
Traci R. Patton, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On September 30, 2019, petitioner Gregg Riley moved for final attorneys' fees and costs. He is awarded **$125,960.22**.

\*   \*   \*

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On February 25, 2016, Gregg Riley filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. The petition alleged that a tetanus-diphtheria-acellular pertussis vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused petitioner to suffer chronic inflammatory demyelinating polyneuropathy. The parties explored the possibility of settlement from approximately September 2016 to April 2017, but were unsuccessful in their efforts. Thereafter, the parties retained experts, with petitioner submitting reports from Dr. Kazim Sheikh and Dr. Omid Akbari and respondent submitting reports from Dr. Vinay Chaudhry and Dr. Arnold Levinson. After the filing of these reports, the parties proposed alternative dispute resolution and selected a mediator. Mediation took place on April 10, 2019. These mediation efforts were successful and on July 22, 2019, the parties filed a stipulation, which the undersigned adopted as his Decision awarding compensation on July 30, 2019. The stipulation provided a lump sum of $106,550.00 plus an annuity.

On September 30, 2019, petitioner filed a motion for final attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees of $92,152.20 and attorneys' costs of $43,868.02 for a total request of $136,020.22. Fees App. at 1. Pursuant to General Order No. 9, petitioner states that he did not personally incur any costs related to the litigation of this matter. Fees App. Ex. 3. On October 8, 2019, respondent filed a response to petitioner's motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioner filed a reply on October 8, 2019, reiterating his belief that the requested amount of fees and costs was reasonable.

*   *   *

Because petitioner received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the

2

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests that his counsel, Ms. Amber Wilson, be compensated at $275.00 per hour for work performed in 2016, $290.00 per hour for work performed in 2017, $308.00 per hour for work performed in 2018, and $323.00 per hour for work performed in 2019. Fees App. Ex. 1 at 48-49. These rates are consistent with what Ms. Wilson has previously received for her work in the Vaccine Program and the undersigned finds them to be reasonable herein.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

Upon review of the submitted billing records, the undersigned finds that a small reduction is necessary due to an excessive and sometimes duplicative amount of paralegal time billed on certain tasks. As an example of excessive time billed, on September 28, 2016, paralegals billed half an hour to prepare and file a notice

of filing (which contains one sentence of text that is not attributable to the case caption block or the attorney signature block) and an exhibit list (essentially a running list of all exhibits filed which would require only *de minimus* time to update as the case progressed). Fees App. Ex. 1 at 12. As example of duplicative entries, paralegals frequently billed for review of simple court filings which were already reviewed and billed for by the managing attorney, rendering such time redundant. Id. at 8 (paralegal billing .2 hours for review of the notice of appearance by respondent's counsel when Ms. Wilson had already billed .1 hour reviewing the same event). While each of these events is small when viewed in isolation, the undersigned has noticed multiple occasions of each issue throughout the totality of the billing records. Thus, in order to achieve "rough justice" the undersigned will reduce the final award of fees by $750.00 to account for approximately 5 hours of overbilled paralegal time. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011).

Also requiring reduction is time spent by Ms. Wilson preparing a status report which was filed on May 12, 2017. Fees App. Ex. 1 at 16. This status report discussed whether the expert reports should constitute direct testimony, in contravention of the undersigned's order on April 28, 2017, which specifically noted that the parties should not discuss whether the expert's reports will constitute direct testimony. It is therefore not reasonable to compensate Ms. Wilson for the time spent preparing this report, and the undersigned shall reduce the final award of fees by $870.00.

C.   Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $43,868.02 in costs. Major expenditures include work performed by petitioner's experts, Dr. Kazim Sheikh ($20,000.00) and Dr. Omid Akbari ($14,000.00) and for the mediation services ($6,319.59), with the remainder comprised of acquiring medical records, postage, the Court's filing fee, and travel to meet with petitioner and for the mediation.

Dr. Sheikh has submitted an invoice requesting reimbursement for 40.0 hours of work at a rate of $500.00 per hour. This rate has previously been found to be reasonable for Dr. Sheikh's work. See Shinskey v. Sec'y of Health & Human Servs., No. 15-713V, 2019 WL 2064558, at *5 (Fed. Cl. Spec. Mstr. May 9, 2019); St. Pierre v. Sec'y of Health & Human Servs., No. 16-1315V, 2019 WL 410599, at

*2 (Fed. Cl. Spec. Mstr. Jan. 11, 2019). Given the quality of Dr. Sheikh's work in the instant case and the role his report's played in petitioner eventually receiving a favorable outcome via stipulation, the undersigned finds that $500.00 per hour is a reasonable rate for Dr. Sheik's work.

Dr. Sheikh's billing entries could provide greater detail with respect to the actual work performed. For example, one entry billed for 3.0 hours reads "Research and literature review on CIDP and triggering events including TDaP" without further breakdown of how much of that time was apportioned to more discrete tasks within that broad descriptor. Such entries are representative of Dr. Sheikh's billing as a whole, wherein he frequently billed in large blocks of time of two hours or greater, something the undersigned cautioned of in his Order Regarding Expert Reports. Order, dated May 15, 2017, at 7 ("The expert should list separate tasks separately. A rule of thumb is that every half hour should have a separate task, differentiated from other tasks."). The reason the undersigned includes this instruction is not to compel strict compliance in all circumstances, but to assist the undersigned in assessing the overall reasonableness of the hours expended and the work performed. To account of this issue, the undersigned will reduce the number of hours billed by Dr. Sheikh by 10%. Therefore, a reasonable amount of compensation for Dr. Sheikh's work is $18,000.00.

Dr. Akbari has submitted an invoice requesting reimbursement for 28.0 hours of work at a rate of $500.00 per hour. The undersigned has recently analyzed the requested hourly rate of Dr. Akbari and determined that $300.00 per hour is a reasonable hourly rate for Dr. Akbari's work based upon his credentials. <u>Lewis v. Sec'y of Health & Human Servs.</u>, No. 15-907V, slip op. at 12 (Fed. Cl. Spec. Mstr. Jan. 24, 2020). Upon review, Dr. Akbari's billing entries suffer from a similar issue to those of Dr. Sheikh, namely that Dr. Akbari billed large portions of time without sufficient detail, thereby frustrating the undersigned's ability to assess the reasonableness of his work. The undersigned will also reduce Dr. Akbari's hours by 10%. Therefore, a reasonable amount of compensation for Dr. Akbari's work is $7,560.00.

The remaining costs, including the amount expended for mediation services, are all reasonable and have been supported with proper documentation, and will therefore be fully reimbursed. Petitioner is therefore entitled to final costs of **$35,428.02**.

D.      Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$125,960.22** (representing $90,532.20 in attorneys' fees and $35,428.02 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, Ms. Amber Wilson.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.